**FILED**

JUN 2 1 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. **16 CR 403** |
| vs. | ) | |
| | ) | Violation: Title 42, United States |
| ZOYA KOSMAN | ) | Code, Section 408(a)(3) |

The SPECIAL JUNE 2015 GRAND JURY charges: **JUDGE WOOD**

1. At times material to this Indictment: **MAGISTRATE JUDGE ROWLAND**

   a. The Social Security Act established a number of programs, including the Social Security Disability Insurance program, designed to provide for the material needs of disabled individuals and their families.

   b. Under the Social Security Act, disability was generally defined as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that had lasted, or could be expected to last, for a continuous period of not less than twelve months.

   c. The Social Security Administration, an agency of the United States, administered the Social Security Disability Insurance program.

   d. The Social Security Administration delegated authority to the Illinois Department of Human Services to make determinations about the eligibility of Illinois residents to receive federal disability benefits.

   e. In making disability determinations, the Illinois Department of Human Services requested evidence from acceptable medical sources, including a disability claimant's treating physician, about the claimant's purported medical

impairment and its effect on the claimant's ability to work on a sustained basis. If the Illinois Department of Human Services found that a treating physician's opinion about the nature and severity of a disability claimant's impairment was well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the claimant's record, the Illinois Department of Human Services would generally give that treating physician's opinion controlling weight.

    f.    Defendant ZOYA KOSMAN was a physician licensed to practice medicine in the State of Illinois and operated a medical office in Skokie, Illinois.

    g.    Claimant A was an Illinois resident who, unbeknownst to defendant ZOYA KOSMAN, was a cooperating source for law enforcement.

    h.    In or around June 2012, an application for Social Security Disability Insurance benefits was submitted to the Social Security Administration on Claimant A's behalf.

    2.    On or about July 31, 2012, in Skokie, in the Northern District of Illinois, Eastern Division,

ZOYA KOSMAN,

defendant herein, did knowingly make and caused to be made a false statement and representation of material fact for use in determining the right to a federal benefit, namely, Claimant A's right to receive federal disability benefits, in that defendant was a physician and submitted and caused the submission of false medical and other evidence to the Illinois Department of Human Services in connection with Claimant A's application for federal disability benefits, listing reported patient

complaints, symptoms, and functional abilities of Claimant A, when defendant knew that Claimant A did not report these complaints, symptoms, and functional abilities;

In violation of Title 42, United States Code, Section 408(a)(3).

                                                            A TRUE BILL:

                                                            _____

                                                            FOREPERSON

_____

UNITED STATES ATTORNEY